IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD A. VAUGHAN AND SIMILARLY SITUATED INDIVIDUALS | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:12-CV-02626 |
| WHITESTONE REIT | § § § | |
| *Defendant*. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Whitestone REIT ("Defendant") files its Original Answer as follows:

### I. INTRODUCTION

Defendant admits that Plaintiff Richard A. Vaughan ("Vaughan") is a former employee of Defendant, and that Vaughan purports to bring a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Defendant denies that Vaughan is entitled to proceed collectively, and denies that Vaughan or others that he seeks to represent are entitled to any relief whatsoever. Any remaining allegations in this paragraph are denied.

### II. JURISDICTION AND VENUE

1. The allegations in this paragraph are admitted.

2. The allegations in this paragraph are admitted.

### III. PARTIES

3. The allegations in this paragraph are admitted.

4. The allegations in this paragraph are admitted.

## IV. FACTS

5. The allegations in this paragraph are admitted.

6. The allegations in this paragraph are denied. Defendant specifically denies that Vaughan was similarly situated to other commercial leasing agents employed by Defendant. Vaughan was previously employed as Defendant's Vice-President of Marketing and Investor Relations, and then accepted a lateral transfer to become Defendant's Vice-President for Leasing Development. Vaughan occupied a unique position due to his work history and job title.

7. The allegations in this paragraph are denied. Defendant specifically denies that Vaughan regularly worked more than 40 hours in a workweek.

8. The allegations in this paragraph are denied.

9. The allegations in this paragraph are denied.

10. The allegations in this paragraph are denied. Defendant specifically denies that it has or had any commercial leasing agents similarly situated to Vaughan.

11. The allegations in this paragraph are denied.

12. The allegations in this paragraph are admitted.

## FIRST CAUSE OF ACTION

13. The allegations in this paragraph are denied.

## PRAYER FOR RELIEF

14. Defendant denies that Vaughan or any other employee of Defendant is entitled to the relief requested.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any defense where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

1. Vaughan and any alleged similarly situated employees are not entitled to any recovery because they are exempt from overtime coverage under the FLSA, 29 USC § 207(i).

2. The claims in Plaintiff's Original Complaint are barred, in whole or in part, because Vaughan cannot proceed collectively under 29 U.S.C. §216(b).

3. The claims in Plaintiff's Original Complaint are barred, in whole or in part, by the applicable statute of limitations.

4. The claims in Plaintiff's Original Complaint are barred, in whole or in part, to the extent that Vaughan (or any claimant who is permitted to opt-in to join this action) is estopped by his or her own conduct from claiming any damages or relief against Defendant.

5. Vaughan regularly worked less than 40 hours per workweek, and even if he were not exempt from overtime coverage under the FLSA, any minor discrepancies would not be payable under the *de minimis* doctrine.

6. At all times relevant hereto, Defendant acted in good faith and did not willfully violate any rights which may be secured to Vaughan, or to alleged similarly situated employees, under the FLSA or any other applicable law or regulation.

WHEREFORE, Defendant prays that Plaintiff's claims be dismissed with prejudice, that Defendant recover its costs and attorneys fees, and that Defendant be granted such other and further relief to which it may be justly entitled.

    Respectfully submitted,

    BECK, REDDEN & SECREST LLP

    By: /s/   Alistair Dawson
        Alistair Dawson
        Attorney-In-Charge
        State Bar No. 05596100
        Federal Bar No. 12864
        1221 McKinney, Suite 4500

                                        Houston, Texas 77010
                                        Telephone:  (713) 951-3700
                                        Telecopier:  (713) 951-3720

                                        BUCK KEENAN LLP

By:/s/   *Vianei Lopez Braun*
                    Vianei Lopez Braun
                    State Bar No. 12569750
                    Federal Bar No. 13660
                    700 Louisiana, Suite 5100
                    Houston, Texas  77002
                    Telephone: (713) 225-4500
                    Telecopier: (713) 225-3719

**ATTORNEYS FOR DEFENDANT WHITESTONE REIT**

**OF COUNSEL:**
Beck, Redden & Secrest, L.L.P
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

## CERTIFICATE OF SERVICE

     A true and correct copy of the foregoing pleading was served in compliance with the Federal Rules of Civil Procedure on this 1st day of October, 2012.

                                        */s/ Alistair B. Dawson*
                                        Alistair B. Dawson